```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JOSEPH MASSARO,

                Petitioner,          MEMORANDUM OPINION
                                     AND ORDER
        -against-
                                     97 Civ. 2971 (MGC)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X

APPEARANCES:

        JOSEPH MASSARO
        Petitioner pro se
        USP Lewisburg
        P.O. Box 1000
        Lewisburg, Pennsylvania 17837
```

**Cedarbaum, J.**

Petitioner Joseph Massaro seeks relief from judgment under the All Writs Act, 28 U.S.C. § 1651, by writs of coram nobis and audita querela. He also moves under Fed. R. Civ. P. 60(b) for reconsideration of the October 5, 2004 denial of his prior petition under 28 U.S.C. § 2255.[1]  For the reasons set forth below, Massaro's petition is denied.  Massaro's request for an evidentiary hearing is also denied.

On October 27, 1993, Massaro was convicted by a jury of ten counts, related to his involvement in the Luchese organized crime family, including murder and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He was sentenced to life imprisonment.  The Second Circuit affirmed his conviction in an unpublished opinion on May 18, 1995.  Massaro then filed a motion for a new trial and a petition for relief under 28 U.S.C. § 2255.  After the denial of his petition was appealed to the Supreme Court and reversed, Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003), I again denied his petition on October 5, 2004, Massaro v. United States, No. 97 Civ. 2971 (MGC), 2004 WL 2251679 (S.D.N.Y. Oct. 5, 2004).  The denial was affirmed by the Second Circuit.  Massaro v. United States, 152 F. App'x 20 (2d Cir. 2005).

---

[1] This opinion and order does not address Massaro's recent petition for habeas corpus, filed October 22, 2012.

2

Massaro now moves for relief from judgment under 28 U.S.C. § 1651 (the All Writs Act) and under Fed. R. Civ. P. 60(b) for reconsideration of the denial of his § 2255 petition.

Massaro is still serving his sentence and seeks to have his conviction reviewed. The chief ground on which he now moves is ineffective assistance of counsel based on counsel's refusal to accept an offer of a continuance, a ground he argued in his original § 2255 petition.  An additional allegation of Massaro's, namely that counsel acted as he did because of a financial conflict of interest, was not raised in the initial § 2255 petition, but was raised on the appeal before the Second Circuit.

Massaro makes a second allegation not raised in his § 2255 petition, namely that the government conspired with the primary witness against him, Patrick Esposito, to withhold information showing that Esposito had lied during interviews with the government.  He asserts that Esposito "omitted relevant facts about his attempt to dispose of the murder weapons."  Massaro does not explain why he did not previously raise this argument in his § 2255 petition.  Additionally, his claims that Esposito was lying in general during his testimony have been raised previously in his petition under § 2255.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. [When] a

statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L. Ed. 2d 189 (1985). Additionally, audita querela "is generally not available to review a criminal conviction when the petitioner could have raised his . . . claims in a 28 U.S.C. § 2255 motion," even "in those cases where a petitioner is precluded from raising his or her claims in a successive § 2255 motion because a previous § 2255 motion was denied on the merits." Persico v. United States, 418 F. App'x 24, 25-26 (2d Cir. 2011) (summary order); see also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (audita querela is "probably available" where there is an "objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy"). As noted above, Massaro's claims have previously been raised in a petition under § 2255. Accordingly, Massaro's application under the All Writs Act must be denied.

Finally, Massaro moves under Fed. R. Civ. P. 60(b) for reconsideration of the denial of his § 2255 petition. Relief under Rule 60(b) is very limited. It is available "only when the Rule 60(b) motion attacks the integrity of the [§ 2255] proceeding and not the underlying criminal conviction." Harris

4

v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  A Rule 60(b) motion that attacks the underlying conviction can either be treated as a "second or successive" habeas petition and transferred to the Second Circuit or denied "as beyond the scope of Rule 60(b)."  Id. at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).  Massaro's arguments for reconsideration relate to the conduct of his attorney at trial and allegations that a government witness lied prior to trial.  Both bases for reconsideration attack Massaro's underlying criminal conviction and are therefore beyond the scope of Rule 60(b).

For the foregoing reasons, Massaro's petition under 28 U.S.C. § 1651 and his motion for reconsideration under Fed. R. Civ. P. 60(b) are denied.  Massaro's request for an evidentiary hearing is also denied.

SO ORDERED.

Dated:    New York, New York
          February 21, 2013

                                        S/_____
                                         MIRIAM GOLDMAN CEDARBAUM
                                         United States District Judge

5